**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3692-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROSS BROWN,

    Defendant-Appellant.

_____

Submitted September 10, 2024 – Decided October 29, 2024

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 19-08-2104.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Hannah Kurt, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ross Brown appeals from the Law Division's June 12, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

We discern the following facts from the record. On June 9, 2019, as Lindsey Dawson was about to sit down at Starbucks on Broad Street in Newark, defendant pushed her from behind, took her laptop and cell phone, and said, "thanks for the computer" while fleeing. Dawson used a bystander's phone to call 9-1-1, chased defendant down the street, and retrieved her laptop. In response, defendant stated: "[A]t least I have your phone."

Newark police officer D. Avila[1] responded to Starbucks and met with Dawson and two witnesses. Avila was shown a video of the robbery taken by one of the witnesses. Avila instructed Dawson to email the video to Newark police department; however, the record does not show that Dawson or the witness emailed the video to the police. While speaking with Dawson, Avila received an alert that a person matching defendant's description was in a Nike store on Broad Street.

---

[1] The record does not contain Avila's first name.

A-3692-22

Dawson heard the alert, walked to the store, and retrieved her phone from defendant. When Avila entered the Nike store, Dawson identified defendant as the person who robbed her. Avila detained defendant until additional Newark police officers arrived at the store. As defendant was placed in handcuffs, he stated: "I didn't rob her." Avila told defendant the incident was on video. Dawson also told defendant the incident was on video, and defendant replied: "yes, but I didn't rob you. It was on a table. I didn't know it was yours." Dawson then walked outside and asked the witness to email the video to her. Shortly thereafter, Dawson told Avila she had the video, and Avila told Dawson to email the video to another responding officer. Dawson left the scene to go to the police station.

In August 2019, an Essex County grand jury indicted defendant on a single count of second-degree robbery, N.J.S.A. 2C:15-1(A)(1). Following the grand jury indictment, on September 10, defendant's public defender submitted a request for an investigator to obtain camera footage from the Starbucks and Nike stores, determine whether the police were given the surrounding stores camera video footage, arrange an interview with Dawson, and obtain defendant's medical records. The investigation report dated October 28 reflected the investigator was unable to obtain any video footage because Nike, Blaze Pizza,

3

and the Prudential Insurance Company street cameras retained video for only one month, Starbucks no longer had video footage, Dunkin Donuts retained video footage for only two and one-half months, and the business at 659 Broad Street was permanently closed.

In January 2021, defendant pleaded guilty to second-degree robbery. During the plea colloquy, defendant admitted guilt in taking Dawson's laptop without permission and causing her physical harm. Defendant testified he reviewed the plea forms and authorized his counsel to sign the forms on his behalf because he was unable to meet with counsel due to the COVID-19 pandemic. Defendant also stated he was satisfied with his attorney's advice and recommendations. The court accepted defendant's plea allocution and determined his guilty plea was knowingly and voluntarily made. During defendant's presentence investigation report interview, defendant contradicted his plea allocution and told the probation officer that he did not touch Dawson.

On April 12, 2021, defendant was sentenced to a three-year prison term with an eighty-five percent parole disqualifier subject to the No Early Release Act, N.J.S.A. 2C:43-7, and three-year parole supervision. A judgment of conviction was filed on April 13, 2021. Defendant did not challenge his conviction or sentence on direct appeal. He was paroled on July 3, 2021.

4

Ten months later, on May 28, 2022, defendant filed a self-represented PCR petition, claiming trial counsel failed to (1) obtain camera footage, (2) interview witnesses, and (3) obtain a psychological examination for defendant. He also claims that he met with counsel on only three occasions, was under duress at the time he entered his guilty plea, and his guilty plea was "questionable." Appointed PCR counsel filed a supplemental brief, asserting trial counsel failed to (1) raise a Brady[2] violation for the failure of preserving the video footage, (2) timely pursue and investigation, and (3) pursue pre-trial motions to dismiss the indictment, and compel discovery or other motions. Counsel further argued that cumulative errors prejudiced defendant, a prima facie case of ineffective assistance of counsel had been established, an evidentiary hearing was warranted, and the PCR petition was not procedurally barred.

Following oral argument, the PCR court issued an oral opinion and memorializing order denying defendant's petition without an evidentiary hearing after considering the parties' submissions, investigative report, and the body-worn camera footage. In the oral decision, the PCR court considered defendant's arguments presented in both the self-represented petition and counsel's brief and

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

5

determined that defendant failed to establish a prima facie showing of ineffective assistance of trial counsel.  This appeal ensued.

## II.

Defendant raises the following points for our consideration:

POINT I

AS DEFENDANT HAD MET HIS BURDEN TO ESTABLISH A CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED WHEN IT DENIED HIS PCR PETITION.

1.  Trial counsel failed to undertake a meaningful investigation of the case.

2.  Defendant did not make an informed guilty plea to second-degree robbery.

3.  Trial counsel's cumulative errors denied defendant a fair proceeding.

POINT II

AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, THE PCR COURT ERRED WHEN IT DENIED DEFENDANT'S PCR PETITION WITHOUT AN EVIDENTIARY HEARING.

The factual and legal determinations made by a PCR court are reviewed de novo when an evidentiary hearing is not held.  State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).  A PCR court's decision to proceed without an evidentiary hearing is reviewed

6

for an abuse of discretion.  State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

When the defendant's basis for relief is premised on a claim of ineffective assistance of counsel, he is required to satisfy the two-prong test enunciated in Strickland by demonstrating that:  (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the accused's defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).  A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition.  State v. Nash, 212 N.J. 518, 542 (2013).

When reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.  "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy[.]"  Fritz, 105 N.J. at 54 (citations omitted).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel."  State v. Porter,

216 N.J. 343, 355 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)); see also R. 3:22-10(e)(2) (stating that a court shall not hold an evidentiary hearing if "the defendant's allegations are too vague, conclusory or speculative"). Thus, "when a [defendant] claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170.

Also, our Supreme Court has ruled that PCR proceedings are not a substitute for a direct appeal. State v. Hannah, 248 N.J. 148, 178 (2021). The Court has explained that a defendant is "generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal" unless one of three exceptions applies. Ibid. (quoting Nash, 212 N.J. at 546); see also R. 3:22-4(a)(1)-(3).

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffective assistance of trial counsel. We, therefore, need not address whether defendant's arguments are barred by Rule 3:22-4.

A.    Failure to Investigate and Obtain the Witness Video.

Defendant argues that his trial counsel failed to undertake a meaningful investigation of his case in failing to ensure that all discovery had been produced to the defense. In making this argument, defendant highlights the body worn camera footage where both Avila and Dawson reference the witness video and request the video be emailed to Dawson then to the police. Defendant also argues during the grand jury proceeding, a police officer testified the witness video was in the possession of the police and trial counsel made no effort to obtain the video. Accordingly, trial counsel's failure to demand full discovery from the State, including all video evidence, was not objectively reasonable and deprived him of a "complete defense." We disagree.

Defendant has failed to demonstrate how the witness video would have shown that he did not commit second-degree robbery. During the plea colloquy defendant admitted that he caused physical harm to Dawson while taking her laptop but now argues that he did not touch her. We agree with the PCR court, defendant's contention during the presentence investigation interview and the PCR petition directly contradicts his plea allocution. To further buttress his argument, defendant contends a police officer testified at the grand jury hearing that the witness video was in the police's possession; however, those transcripts are not a part of the record on appeal. We agree with the PCR court it was

9

unclear whether the police even collected the video from Dawson. Defendant is required to make more than a bald assertion and a unsupported reference to grand jury testimony to establish ineffective assistance of counsel. See Cummings, 321 N.J. Super. at 170.

B.     Defendant's guilty plea.

In regard to his guilty plea, defendant argues (1) he met with counsel on only three occasions, (2) was under duress at the time he entered his guilty plea, and (3) his guilty plea was "questionable."

In the context of a guilty plea, a defendant must demonstrate: (1) counsel's performance was not "within the range of competence demanded of attorneys in criminal cases," and (2) "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (first quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973); and then quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Defendant's arguments are unavailing.

Simply put, the record does not support defendant's arguments. The plea transcript shows the court repeatedly informed defendant of his right to a jury trial; defendant stated he understood that right and he was pleading guilty

because he was guilty. Moreover, the transcript also reflects detailed questions were posed to defendant to determine whether he was satisfied with trial counsel's services, advice, and recommendations. There was no statement made by defendant expressing dissatisfaction with counsel, the failure to receive all discovery, or duress; and therefore, the court was satisfied defendant "freely" and "voluntarily" entered a guilty plea. Defendant has failed to "present specific, credible facts" in the record to support his arguments that his guilty plea was "questionable." See State v. Slater, 198 N.J. 145, 158 (2009).

Defendant has demonstrated neither deficient performance by trial counsel nor any actual prejudice; and therefore, he fails to satisfy the two-prong Strickland/Fritz standard for relief. Therefore, we are satisfied the PCR court did not abuse its discretion in concluding defendant was not entitled to an evidentiary hearing.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3692-22